Opinion issued May 24, 2007 














Opinion
issued May 24, 2007










 

 

 

 




 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00618-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KENNETH DEWAYNE WALKER, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1025774

 








 



MEMORANDUM OPINION

 

Appellant
Kenneth Dewayne Walker pleaded not guilty to the first-degree felony offense of
aggravated robbery.  Tex. Pen. Code Ann. § 29.03 (Vernon
2003).  A jury found Walker
guilty and the trial court assessed punishment at twenty years’
confinement.  In one issue, Walker
contends the identification evidence is factually insufficient to support his
conviction.  We conclude that the
identification evidence is factually sufficient to support Walker’s
conviction.  We therefore affirm.

Background

          In
February 2005, Vicki Littleton lived in a two-bedroom duplex with Charles
Henderson.  On the night of February 12, Littleton and Henderson
went to a store and obtained two money orders that they planned to use to pay
bills.  They next bought some groceries
at a local Wal-Mart and then drove home. 
Littleton
brought a few bags of groceries into the house and then waited for Henderson
to bring the rest.  Littleton heard Henderson talking to someone outside so
she went to the front door and saw Henderson talking to two
black males.  Littleton went outside but one of the
men, later identified as Walker, told her to go back
inside if she wanted to live.  Both
Walker and his accomplice had guns.   

Walker and the accomplice forced Littleton and Henderson
inside the duplex and told them to sit on the couch.  The accomplice held a gun on Littleton and Henderson while Walker
searched the bedrooms.  The accomplice
then told Henderson
to stand up.  Henderson complied and the accomplice
removed everything from Henderson’s pockets.  Walker
then came out of the bedroom and searched Littleton’s
pockets.  When Walker found the two money orders, Littleton
asked him not to take them.  Walker pointed
his gun at Littleton’s
forehead but Henderson
interjected and said, “That’s okay.  You
can have the money orders.  Don’t shoot
her.”  As Walker and the accomplice left
the duplex, the accomplice fired a shot that went through a TV tray and the
couch.  Littleton and Henderson
called the police after they were certain the men were gone. 

          A
few days later, Littleton
received information that a woman named Shalay Randle had cashed the money
orders at Toyo’s liquor store.  Littleton
also received copies of the money orders, which she turned over to Sergeant T.
Scoggins of the Houston Police Department. 
Scoggins brought a picture of Randle to the liquor store, where the
storeowner confirmed that Randle had cashed the money orders.  Scoggins’s continued investigation of the
case led him to believe that Walker
might be a suspect.  Scoggins compiled a
photograph lineup that included Walker’s
picture and asked Littleton to come to the
police station on May 2, 2005.  Littleton
identified Walker
as one of the robbers.  

Factual Sufficiency

          In
his sole issue, Walker
contends the identification evidence is factually insufficient to support his
conviction.  

When conducting a factual
sufficiency review, we view all of the evidence in a
neutral light.  Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App.
1999).  We will set the verdict aside
only if (1) the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).  Under the first prong
of Johnson, we cannot
conclude that a verdict is “clearly wrong” or “manifestly unjust” simply
because, on the quantum of evidence admitted, we would have voted to acquit had
we been on the jury.  Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  Under the second prong of Johnson, we cannot declare that a conflict
in the evidence justifies a new trial simply because we disagree with the
jury’s resolution of that conflict.  Id.  Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able to say, with some
objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury’s verdict. 
Id.  In conducting a factual
sufficiency review, we must also discuss the evidence
that, according to the appellant, most undermines the jury’s verdict.  See Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).  

We may not re-weigh the evidence and substitute
our judgment for that of the fact-finder. 
King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App.
2000).  The fact-finder alone determines
what weight to place on contradictory testimonial evidence because that
determination depends on the fact-finder’s evaluation of credibility and
demeanor.  Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim.
App. 1997).  As the determiner of the
credibility of the witnesses, the fact-finder may choose to believe all, some,
or none of the testimony presented.  Id.
at 407 n.5.

A person commits the offense of aggravated
robbery if he, in the course of committing theft and with intent to obtain or
maintain control of the property, intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death, and uses or exhibits a
deadly weapon.  Tex. Pen. Code Ann. §§ 29.02(a)(2), 29.03(a)(2) (Vernon 2003).

Littleton testified that she first
saw Walker when he was outside talking to Henderson.  Walker
was about twenty-five feet away, but a streetlight and her porch light were
both on.  Littleton
testified that she saw Walker’s
face when he was outside and he did not attempt to cover it up.  Littleton saw Walker up close when he
came inside her duplex.  Walker and the
accomplice tried to cover their mouths with their T-shirts but they kept
slipping down.  At one point, Walker was actually close enough to Littleton to remove the money orders from her
pocket.  Littleton
testified that when Walker
removed the money orders from her pocket, she could see his entire face because
his shirt had slipped down.  Littleton testified that
the robbery lasted for at most twenty minutes. 


          When
the police arrived, Littleton described Walker to Officer E. Carstens as a
black male, age twenty-one to twenty-six, around six feet tall, and weighing
160 pounds.  Carstens testified that Littleton also told him that Walker was wearing a dark blue shirt, black
pants, a black ski cap, and white latex gloves. 
At trial, Littleton testified that Walker was wearing a
hooded jacket and not a ski cap.    

Six weeks after the robbery, Scoggins asked Littleton to come to the
police station to attempt to identify the robbers in a photograph lineup.  Littleton
testified that she first identified Walker,
whose picture was in position two of the lineup.  Littleton was
ninety-nine percent sure that Walker was one of
the robbers, and said that she recognized Walker
because of his eyes.  Littleton
also identified Walker
at trial.  

Littleton also told Scoggins that the man in position
three could have possibly been Walker’s
accomplice.  Littleton was about eighty percent sure of
this identification.  Scoggins testified
that the man in position three was just a “fill-in” and had no connection to
the robbery in this case, and that Littleton’s
identification of him was “tentative.” 
Scoggins also testified that Littleton
first identified the man in position three as a possible suspect, and then
pointed to Walker’s
picture and stated that she was positive that he was one of the robbers.  The photograph lineup admitted into evidence depicts
individuals who are substantially similar in appearance, and nothing in the
record suggests that the manner in which Scoggins presented the lineup affected
Littleton’s
response.

Walker relies heavily on Johnson v. State for his contention that the identification
evidence is factually insufficient to support his conviction.  978 S.W.2d 703, 707 (Tex. App.—Corpus Christi
1998), aff’d, 23 S.W.3d at 12.  In Johnson,
a man wearing a ski mask forced his way into the complainant’s vehicle and made
her drive to a secluded area.  Id.
at 705.  The man then blindfolded her and
drove to another location.  Id.  When they arrived, the man removed the
complainant’s blindfold, raped her, and forced her to perform oral sex on
him.  Id.  The man removed his ski mask during the oral
sex and the complainant testified that she “believ[ed]” she saw his face.  Id.  The complainant also testified that the man
was not circumcised, and that it was very dark outside.  Id.  The complainant testified that she was
positive that the defendant was the man who raped her, but also stated that she
was not 100 percent sure.  Id.
at 706.  She also testified that she did
not try to remember anything from the night of the rape because she thought the
man was going to kill her, and she did not want to look at him.  Id.  After the incident, the complainant failed to
identify the defendant in a photograph lineup. 
Id. 
To bolster its case, the State produced evidence that DNA
testing of the defendant’s blood showed him to be in a group of only 8.5
percent of the black population to match the DNA samples of semen taken from
the complainant’s dress.  Id.  Additionally the State produced evidence that
the defendant formerly lived in the area where the rape took place, that he was
not circumcised, and that he lived in the same area as the complainant at the
time the rape occurred.  Id.  The Corpus Christi Court of Appeals held that
the identification evidence presented was factually insufficient to support the
defendant’s conviction.  Id.
at 707.  The Court of Criminal Appeals
affirmed.  Johnson, 23 S.W.3d at 12.

The identification evidence in Walker’s case is
significantly stronger than the identification evidence in Johnson.  See 978 S.W.2d at 705–06.  Here, Littleton
saw Walker
without a mask the first time when he was outside.  She later saw him up close, with the lights
on, and without a mask, when he removed the money orders from her pocket while
inside the duplex.  Although the lineup
took place six weeks after the robbery and Littleton
incorrectly identified the man in position three, she positively identified Walker and was
ninety-nine percent sure that he was one of the robbers.  Littleton also
identified Walker
at trial.  Littleton
never testified that she did not want to see Walker’s face, or that she did not attempt to
remember the details of the robbery.  See id. at 706.

Viewing the evidence in a neutral light, we hold
that the identification evidence supporting the jury’s finding is not so weak
that the verdict is clearly wrong and manifestly unjust, nor is the verdict
against the great weight and preponderance of the evidence.  See
Watson, 204 S.W.3d at
417; Johnson, 23 S.W.3d at
11; Ladd, 3 S.W.3d at
557.  The evidence is therefore factually
sufficient to support the jury’s finding that Walker committed the aggravated robbery in
this case.  See, e.g., Brown v. State, 212 S.W.3d 851, 864–65
(Tex. App.—Houston [1st Dist.] 2006, pet.
filed) (holding that identification evidence was factually sufficient to
support defendant’s aggravated robbery conviction); Harmon v. State, 167 S.W.3d 610, 614
(Tex. App.—Houston [14th Dist.] 2005, pet. ref’d) (holding that identification evidence
was factually sufficient to support defendant’s aggravated
robbery conviction where complainant testified that she got a good look at
defendant and positively identified him in photograph
lineup); Apolinar v. State,
106 S.W.3d 407, 412–13 (Tex. App.—Houston [1st Dist.] 2003), aff’d, 155 S.W.3d 184, 191
(Tex. Crim. App. 2005) (holding that identification evidence
was factually sufficient to support defendant’s aggravated robbery conviction,
even though complainant demonstrated memory and vision problems at trial; complainant
identified defendant three times at trial, witness testimony was fairly
consistent in describing defendant’s appearance, and officers later found knife
with blade consistent with defendant’s arm wound); Wimbrey
v. State, 106 S.W.3d 190, 191, 193 (Tex. App.—Fort Worth
2003, pet. ref’d) (holding
that identification evidence was factually sufficient to support defendant’s
conviction for aggravated robbery where two witnesses separately identified
defendant in photograph lineup two months after robbery, and both identified
defendant at trial); Fluellen
v. State, 104 S.W.3d 152, 160–61 (Tex. App.—Texarkana 2003,
no pet.) (holding that identification evidence was factually sufficient to support
defendant’s conviction for delivery of controlled substance where
officer identified
defendant at trial, and officer identified defendant’s voice on audiotape of transaction).

Conclusion

          We
hold that the identification evidence is factually sufficient to support Walker’s conviction for
aggravated robbery.  We therefore affirm
the judgment of the trial court.

 

                                                                   Jane
Bland

                                                                   Justice

 

Panel consists of Justices Nuchia,
Hanks, and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).