**The STATE of Texas, Appellant,**

v.

**Ronald HERNDON, Appellee.**

**No. 13–02–00518–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 25, 2003.

Rehearing Overruled Oct. 2, 2003.

Carlos Valdez, Nueces County District Attorney, Julie K. Hampton, Assistant District Attorney, Corpus Christi, for Appellant.

Alan Clifton Gordon, Mike Hummell, Huseman & Pletcher, Corpus Christi, for Appellee.

Before Justices HINOJOSA, RODRIGUEZ, and WITTIG.[1]

## OPINION

Opinion by Justice HINOJOSA.

The State appeals from the trial court's order granting the motion for new trial of appellee, Ronald Herndon. We reverse the trial court's order granting a new trial.

A. BACKGROUND AND PROCEDURAL HISTORY

Appellee was charged by information with the offense of driving while intoxicated ("DWI"). The case was tried to a jury. During closing arguments, the prosecutor made a remark that defense counsel objected to as an improper comment on appellee's failure to testify. An unrecorded bench conference was subsequently held. The trial court sustained the objection and instructed the jury to disregard the prosecutor's comment. The jury subsequently found appellee guilty of DWI.

On June 28, 2002, appellee filed a written motion for mistrial, asserting improper jury argument. On July 10, 2002, the trial court heard the motion and noted on the docket sheet that the motion was denied. However, the record contains no written order denying the motion for mistrial. On

---

1. Retired Fourteenth Court of Appeals Justice Don Wittig, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN § 74.003 (Vernon 1998).

August 14, 2002, the trial court assessed appellee's punishment at ninety days confinement in the Nueces County jail and a $500 fine. However, the trial court suspended the order of commitment and placed appellee on community supervision for a term of twelve months.

On August 23, 2002, appellee filed a motion for new trial, again asserting improper jury argument and adding that the lack of a complete reporter's record entitled him to a new trial. The trial court granted the motion on September 17, 2002, on the sole ground that the bench conference had not been recorded by the court reporter.

### B. ISSUES PRESENTED

In a single issue, the State contends the trial court abused its discretion by granting a new trial. However, within that issue, the State asserts the following five sub-issues: (1) appellee's motion for mistrial, dated June 28, 2002, was construed by the trial court as a motion for new trial and was denied, as shown by the trial court's docket entry of July 10, 2002; (2) the trial court erred in granting a new trial on the ground that the official court reporter failed to record a bench conference; (3) the prosecutor's remarks did not violate appellee's rights against self-incrimination; (4) the trial court's instruction to disregard was sufficient to cure any error that may have occurred; and (5) appellee failed to meet his burden on the motion.

### C. ANALYSIS

In its first sub-issue, the State asserts that appellee's motion for new trial was procedurally barred because the previous motion for mistrial had been denied as a motion for new trial.

■ The State may appeal from the trial court's grant of a new trial in a criminal case. TEX.CODE CRIM. PROC. ANN. art.

44.01(a)(3) (Vernon Supp.2003). The standard of review in such a case is abuse of discretion. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). Therefore, we examine the record to determine whether the trial court granted the new trial in an arbitrary or unreasonable manner, namely, without regard to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App.1990); *State v. Trevino*, 930 S.W.2d 713, 715 (Tex. App.-Corpus Christi 1996, pet. ref'd). The appellant has the burden to overcome the presumption that the trial court was correct. *Lee v. State*, 167 Tex.Crim. 608, 322 S.W.2d 260, 262 (1958).

■ When a motion states grounds that would entitle an accused to a new trial, it is to be considered a motion for new trial, regardless of its title. *Sterling v. State*, 791 S.W.2d 274, 276 (Tex.App.-Corpus Christi 1990, pet. ref'd); *Balderas Cortez v. State*, 735 S.W.2d 294, 301 (Tex.App.-Dallas 1987, no pet.). In the instant case, appellee filed his motion for mistrial three and one-half months after the prosecutor made the improper jury argument and after the jury had rendered its verdict. Due to the timing of the motion, the only remedy the trial court could have granted was a new trial. Therefore, we will construe the June 28, 2002 motion for mistrial as a motion for new trial, and we will construe the August 23, 2002 motion for new trial as an amended motion for new trial.

A defendant may amend a motion for new trial within thirty days after the sentencing date, but before the trial court overrules any preceding motion for new trial. TEX.R.APP. P. 21.4(b). In this case, appellee filed his amended motion for new trial eleven days after he was sentenced. The amended motion for new trial was also filed well before the original motion would have been overruled by operation of law.

*See* TEX.R.APP. P. 21.8(a). Accordingly, we conclude the amended motion for new trial was timely filed.

Whether it was proper for the trial court to entertain the amended motion for new trial depends on whether the docket entry denying the first motion constituted a sufficient disposal method. The State argues, and the trial court's docket sheet indicates, that the court intended to deny appellee's first motion. However, a docket entry may not substitute a written order as a means to dispose of a motion for new trial. *State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim.App.1996); *State v. Zavala*, 28 S.W.3d 658, 659 (Tex.App.-Corpus Christi 2000, pet. ref'd). A docket sheet entry does not become part of the record because it is inherently unreliable. *State v. Shaw*, 4 S.W.3d 875, 878 (Tex.App.-Dallas 1999, no pet.). Because there was no written order disposing of appellee's first motion for new trial, we hold the trial court was well within its discretion to consider and rule on appellee's amended motion for new trial. The State's first sub-issue is overruled.

▇ In its second sub-issue, the State asserts the trial court abused its discretion in granting a new trial on the ground that the official court reporter failed to record a bench conference.

Former rule 11(a) of the Texas Rules of Appellate Procedure required a record of proceedings be made only when requested by the trial court or any party to the case. *See Williams v. State*, 937 S.W.2d 479, 486–87 (Tex.Crim.App.1996). This placed the burden on the parties to ensure the record was complete by objecting to the court reporter's failure to record certain proceedings, including bench conferences. *Walthall v. State*, 594 S.W.2d 74, 81 (Tex. Crim.App.1980). Effective September 1, 1997, rule 11(a) was amended and renumbered. At the time of trial, rule 13.1(a) of the Texas Rules of Appellate Procedure required the official court reporter to "attend court sessions and make a full record of the proceedings unless excused by agreement of the parties." TEX.R.APP. P. 13.1(a).

This Court interpreted rule 13.1(a) in *Tanguma v. State*, 47 S.W.3d 663 (Tex. App.-Corpus Christi 2001, pet. ref'd). In *Tanguma*, we held that a court reporter's failure to record a bench conference that occurs after the trial proceedings have begun, absent an agreement by the parties to do so, was error. *Id.* at 674. We further held that rule 13.1(a) dispensed with the requirement that a defendant had to object to the court reporter's failure to record bench conferences. *Id.*

Recently, the court of criminal appeals disapproved of our holding in *Tanguma* that the parties did not have the burden to object to missing portions of the reporter's record. *See Valle v. State*, 109 S.W.3d 500, 508–509, (2003) (to preserve error, defendant must still object to court reporter's failure to record bench conferences).

The relevant issue in *Valle* is similar to the instant case. In *Valle*, a bench conference held after the defendant objected to the introduction of evidence went unrecorded. *See id.* 109 S.W.3d at 507. The court of criminal appeals held that error was not preserved for appellate review because Valle did not object to the court reporter's failure to record the bench conference. *Id.* 109 S.W.3d at 508. Accordingly, we review this case in light of the *Valle* decision.

The record in this case shows appellee did not object to the court reporter's failure to record the bench conference. Accordingly, we hold that appellee failed to preserve error. Because the trial court expressly relied on this ground in granting appellee's amended motion for new trial,

we conclude the trial court abused its discretion in granting the motion. Therefore, we sustain the State's second sub-issue.

In light of our disposition of this sub-issue, it is not necessary to address the State's remaining sub-issues. *See* TEX. R.APP. P. 47.1.

We reverse the trial court's order granting a new trial.