NUMBER 13-02-518-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THE STATE OF TEXAS, Appellant,


v.



RONALD HERNDON, Appellee.

 
On appeal from County Court at Law No. 4 

of Nueces County, Texas

 


DISSENTING MEMORANDUM OPINION ON REMAND



Before Justices Yañez, Rodriguez, and Wittig (1)


Dissenting Memorandum Opinion by Justice Wittig



 I respectfully dissent. In our previous opinion, we relied upon Valle v. State in
holding that error was not preserved for appellate review when a defendant did not object
to the court reporter's failure to record a bench conference. (2) See Valle v. State, 109
S.W.3d. 500, 508-09 (Tex. Crim. App. 2003) (holding that in order to preserve error,
defendant must still object to court reporter's failure to record bench conferences). 
Because the record below indicated appellee Herndon did not object to the reporter's
failure to record the bench conference in question, we held he had not preserved error. 
See State v. Herndon, 115 S.W.3d 231, 234 (Tex. App.-Corpus Christi 2003), rev'd, 215
S.W.3d 901 (Tex. Crim. App. 2007). The Texas Court of Criminal Appeals reversed,
holding we erred because Herndon "did not need to preserve any error for appeal because
he was the prevailing party in the trial court." State v. Herndon, 215 S.W.3d 901, 911 (Tex.
Crim. App. 2007). On remand, we are to consider the substantive merits of the State's
appeal. I would reverse and vacate the order granting a new trial. 

 The State complained that the trial court erred in granting a new trial. Appellee
based his motion for new trial on two grounds. The first concerned comments by the
prosecutor made in closing arguments. The second ground was the failure of the court
reporter to record a bench conference. I will address the latter issue first.

 1. Standard of Review

 Unlike cases in which a trial judge grants a new trial "in the interest of justice," in this
case, the trial court expressly signed a written order specifying his holding. (3) The trial
court's written order stated that a new trial was granted "on the ground that a bench
conference was not recorded during the trial." The perennial language concerning the
"interest of justice" is nowhere to be found in the order. (4) While other arguments were
made, the record unequivocally shows the trial court's concern with appellee's argument
concerning the lack of a reporter's record of the bench conference. The appellee
specifically mentioned and argued the Palmer v. Espey Huston case, and the trial court
alluded that he would read it and rule the following week. See Palmer v. Espey Huston &
Associates, Inc., 84 S.W.3d 345, 351 (Tex. App.-Corpus Christi 2002, pet. denied).

 In the Palmer case, we observed that we may not reverse a case unless the error
complained of probably caused the rendition of an improper judgment or prevented an
appellant from properly presenting the case to the appellate court. Id.; see Tex. R. App.
P. 44.1. As in Palmer, Herndon asserted no actual consequences to the trial court from
the failure of the court reporter to record a bench conference. Nor does the record
demonstrate that this error probably caused rendition of an improper judgment. The failure
of the court reporter to record the single bench conference (compared to four bench
conferences in Palmer) did not prevent appellee from properly presenting his case to the
trial or appellate court. See Palmer, 84 S.W.3d at 351. 

 The grounds for which a trial court must grant a new trial are listed in the appellate
rules. See Tex. R. App. P. 21.3. None of these requirements are met. However, the trial
court may also grant a new trial on other legal grounds. Herndon, 215 S.W.3d at 908. Any
error of sufficient magnitude to require reversal on appeal is adequate for granting a new
trial. Id. Nevertheless, the trial court does not have authority to grant a new trial unless
the proceeding was not in accordance with law. Id. Review of the granting of a new trial
is by an abuse of discretion standard. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995) ("It is well established that the granting or denying of a motion for new trial lies within
the discretion of the trial court.") (citing State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim.
App. 1993)). An appellate court may not substitute its judgment for that of the trial court,
but rather should decide whether the trial court's decision was arbitrary or unreasonable. 
Gonzalez, 855 S.W.2d at 695 n.4. On the other hand, to grant a new trial for other than
a valid legal reason is an abuse of discretion. Herndon, 215 S.W.3d at 907.

 While refusing to set out bright-line rules for appellate review of a trial court's
discretion in granting a new trial, the Herndon court opines that a trial court would not
generally abuse its discretion in granting a new trial if the defendant: (1) articulates a valid
legal claim; (2) produces evidence or points to evidence in the record to substantiate that
claim; and (3) shows prejudice to his substantial rights under the standards of Texas Rule
of Appellate Procedure 44.2. (5) Herndon, 215 S.W.3d at 909; see Tex. R. App. P. 44.2.

 2. Court Reporter's Failure to Record

 Here, appellee arguably meets the first two criteria by pointing out the court reporter
failed to record a bench conference as required by law. Tex. R. App. P. 11(a); Cf. Valle,
109 S.W.3d at 508-509 ("We need not decide whether the current rule requires court
reporters to record all bench conferences whether or not such recording is requested; if
required, then it was incumbent upon a party to object if the bench conferences was not
recorded."). Appellee substantiated his claim in the record. The court reporter admitted the
bench conference in question was not recorded. (6) However, the State presents a record
that shows that Herndon wholly failed to demonstrate to the trial court how any substantial
right of the defendant was prejudiced sufficient to justify the granting of a new trial.

 The State argues, and I agree, that the trial court did not follow the legal standard
regarding the effect of the court reporter's failure to record the bench conference. A failure
to record a bench conference does not automatically result in reversible error. Tanguma
v. State, 47 S.W.3d. 663, 667 (Tex. App.-Corpus Christi, 2001, pet. ref'd). As the Texas
Court of Criminal Appeals notes, the defendant must show prejudice to his substantial
rights under the standards of Texas Rule of Appellate Procedure 44.2. Herndon, 215
S.W.3d at 909. Rule 44.2 delineates constitutional error or error affecting a substantial
right. See Tex. R. App. P. 44.2. In his brief, appellee does not even suggest constitutional
error, nor is any apparent. (7) Assuming error, the pertinent inquiry is what substantive right,
if any, was affected? After the unrecorded bench conference, the trial court sustained
appellee's objection already made on the record. The jury was instructed to disregard the
comments of the prosecutor. In sum, appellee's objection was sustained, and the trial
judge granted all relief then requested by appellee. Accordingly, I would conclude that the
trial court abused its discretion by granting a new trial based upon the court reporter's
failure to record a bench conference because there was no demonstration to the trial court
that the error, if any, affected the substantial rights of appellee. Herndon, 215 S.W.3d at
909; Palmer, 84 S.W.3d at 351; see United States v. Haber, 251 F. 3d 881, 889-90 (10th
Cir. 2001).

 3. Prosecutor's Comments

 As outlined by the majority, the other possible ground for the new trial, in the
interest of justice or otherwise, was this statement by the prosecutor in her closing
argument:

 This Defendant decided what evidence you're going to consider today,
but what's on there is pretty incriminating. It shows this Defendant was
intoxicated. Also, keep in mind the Defendant admitted to the officer to
drinking that night. He admitted that he had been drinking alcohol. And this
Defendant didn't present any evidence of who he was drinking with, he
didn't--he didn't bring any other witness forward to testify how many drinks
he had that night or, you know, what he was doing that night, how long ago-


Defense counsel objected that the prosecutor commented on appellee's failure to testify. (8) 
The trial court promptly instructed the jury to disregard the remark.

 The State argues under Patrick that appellee's motion for new trial on this basis was
without merit. See Patrick v. State, 906 S.W.2d 481, 490-91(Tex. Crim. App. 1995). I
agree. In order to violate appellant's constitutional or statutory rights, the language, viewed
from the jury's perspective, "must be manifestly intended or of such a character that the
jury would necessarily and naturally take it as a comment on the accused's failure to
testify." Id. (citing and quoting Banks v. State, 643 S.W.2d 129, 134-35 (Tex. Crim.
App.1982)). An indirect or implied allusion to the accused's failure to testify does not
violate appellant's rights. Id. "A remark that calls attention to the absence of evidence
which only the defendant could supply will result in reversal; however, if the language can
reasonably be construed to refer to appellant's failure to produce evidence other than his
own testimony, the comment is not improper." Id. Here, the prosecutor manifestly was
referring to the other evidence: "And this Defendant didn't present any evidence of who
he was drinking with, he didn't--he didn't bring any other witness forward to testify how
many drinks he had that night or, you know, what he was doing that night . . . ."

 In opening statement, the defense argued Herndon was shooting pool at the
Outback Steakhouse and had been drinking. This raised a reasonable inference that he
was not shooting pool alone or drinking alone. To this argument, defense counsel added
that he (Herndon) would tell the jury that he was not intoxicated. The appellee also
complained about the statement of the prosecutor: "Defendant in this case is showing his
irresponsibility in refusing to acknowledge that he was intoxicated while driving." The
defendant did not immediately object to this comment . He points out the only evidence
in the case came from two police officers. 

 During his opening statement, defense counsel stated: 

 My client had been out to dinner at the Outback Steakhouse. He had
gone and shot some pool. He was on his way home. He will tell you he
had been drinking, like we talked. He will also tell you, and I think the
evidence from the officers is also going to help establish, that he was not
intoxicated, okay. 


(Emphasis added.) There is no error when a prosecutor's argument responds to a defense
argument. Nethery v. State, 692 S.W.2d 686, 703 (Tex. Crim. App. 1985); Long v. State,
823 S.W.2d 259, 269 (Tex. Crim. App. 1991)(the State's argument was invited, but even
if it could be construed as an uninvited comment, any error was cured by instruction). To
preserve a complaint for appellate review, a defendant must make a timely request,
objection, or motion that states the ground for the ruling he seeks. See Tex. R. App. P.
33.1(a). Herndon made no objection to the trial court concerning "his irresponsibility." 
Because appellee did not alert the trial court to the alleged error, he generally cannot later
complain of it on appeal. See Hull v. State, 67 S.W.3d 215, 217-18 (Tex. Crim. App.
2002). However, he did not need to preserve error for appeal because appellee was the
prevailing party. Herndon, 215 S.W.3d at 907. A comment on an accused's failure to
testify may violate the accused's state and federal constitutional privileges against
self-incrimination. Montoya v. State, 744 S.W.2d 15, 34 (Tex. Crim. App. 1987) (op. on
reh'g); Campbell v. State, 900 S.W.2d 763, 766 (Tex. App.-Waco 1995, no pet.). The
prosecutor's remarks should be reviewed by a three-pronged test: 1) severity of the
misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2)
measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the
judge), and (3) the certainty of conviction absent the misconduct (the strength of the
evidence supporting the conviction). Ramon v. State, 159 S.W.3d 927, 929 (Tex. Crim.
App. 2004).

 Such a comment may also violate article 38.08 of the code of criminal procedure,
which prohibits the State from alluding to or commenting on an accused's failure to testify. 
See Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2002). "The test employed is whether
the language used was manifestly intended or was of such character that the jury would
naturally and necessarily take it to be a comment on the accused's failure to testify." 
Caldwell v. State, 818 S.W.2d 790, 800 (Tex. Crim. App. 1991) (quoting Dickinson v. State,
685 S.W.2d 320, 323 (Tex. Crim. App. 1984)). Review of the argument is from the
perspective of the jury. Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992); 
Williams v. State, 946 S.W.2d 886, 903 (Tex. App.-Waco 1997, no pet.). To be offensive,
the argument must be more than "an implied or indirect allusion" to the failure of the
accused to testify. Swallow, 829 S.W.2d at 225; Williams, 946 S.W.2d at 903. Argument
which is reasonably susceptible to two different interpretations, one of which implicates the
accused's failure to testify and one which does not, "would not necessarily and naturally
be understood by the jury to refer to Appellant's failure to testify." Caldwell, 818 S.W.2d
at 800-01.

 More recently, the Court of Criminal Appeals addressed this same issue. It held that
to violate the right against self-incrimination, the offending language must be viewed from
the jury's standpoint and the implication that the comment referred to the defendant's
failure to testify must be clear. Cruz v. State, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). 
It is not sufficient that the language might be construed as an implied or indirect allusion.
Id. The test is whether the language used was manifestly intended or was of such a
character that the jury would necessarily and naturally take it as a comment on the
defendant's failure to testify. Id. In applying this standard, the context in which the
comment was made must be analyzed to determine whether the language used was of
such character. Id. (citing Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App.
2001)).

 Under these standards, I would hold that the prosecutor's language did not amount
to a comment concerning the failure of the accused to testify. Patrick , 906 S.W.2d at 490-91. The first statement by the State concerning appellee's irresponsibility for his action, 
was both invited and not objected to. Argument by the State referring to a defendant's
failure to personally express remorse during trial can constitute an improper comment on
the defendant's failure to testify. Cooper v. State, 959 S.W.2d 682, 686 (Tex. App.-Austin
1997, pet. ref'd); see also Swallow, 829 S.W.2d at 225-26. Conversely, argument by the
State which refers to the failure of a defendant's witnesses to testify about the defendant's
remorse does not comment on the defendant's failure to testify, although it may be
otherwise improper. Cooper, 959 S.W.2d at 686; Swallow, 829 S.W.2d at 225 n.2.

 The record reflects that the prosecutor first mentioned appellee's irresponsibility,
then mentioned that the defendant did not leave the jury with much evidence, and finally,
mentioned that the defendant did not present any witnesses or other evidence of who he
was drinking with. It was at this point that defense counsel objected, requested an
instruction to disregard, and the trial judge immediately and specifically instructed the jury
that: "The jury is instructed not to regard the failure of the Defendant to testify as it was
instructed in the Charge."

 The State argues, and I agree, that error, if any, (9) associated with an improper
comment by the prosecutor may be cured by instruction to disregard. See Long, 823
S.W.2d at 269-70. Viewing the record as a whole, this curative instruction applied to both
parts of the sequential argument of the prosecutor. A curative instruction is sufficient
unless the remark is so inflammatory that its prejudicial effect cannot reasonably be
removed by such an admonishment. Id. But even if the jury could take either of these
arguments as comments on Herndon's failure to testify, the trial court instructed the jury
to disregard those statements. Herndon presented no evidence to the trial court to rebut
the presumption that the jury followed the court's instruction to disregard the State's
comments during closing argument. Michaelwicz v. State, 186 S.W.3d 601, 620 (Tex.
App.--Austin 2006, pet. ref'd) ("The jury is presumed to follow the trial court's instruction
to disregard unless the comment is so prejudicial or extreme that the instruction was
incapable of removing the harm."). I would therefore hold that the trial court's instructions
to disregard were effective and cured the prejudicial effect, if any, stemming from the
State's comments during closing argument. Simpson v. State, 119 S.W.3d 262, 272 (Tex.
Crim. App. 2003). Based upon my review of the record, I conclude the prosecutor's
comments were not so prejudicial that they could not be cured by the prompt and clear
admonition by the trial judge to the jury on the defendant's right not to testify. Long, 823
S.W.2d at 269-70.

 In sum, the record brought forth by the State demonstrates that it did not violate
Herndon's constitutional or statutory rights by argument that manifestly intended to
comment of his failure to testify. Patrick, 906 S.W.2d at 490-91. Even if her comments
were an indirect or implied allusion to Herndon's not testifying, such a comment does not
violate his rights. Banks, 643 S.W.2d at134-35. Further, because the language can be
construed to refer to the lack of evidence, the comment is not improper. Patrick, 906
S.W.2d at 490-91. Herndon invited the comments when his counsel stated: "He will tell
you he had been drinking . . . [but] that he was not intoxicated." Nethery, 692 S.W.2d at
703. And finally, any associated error was cured by immediate and competent instruction
by the trial court. Long, 823 S.W.2d at 269-70. Thus, the trial court abused its discretion
by granting a new trial for other than a valid legal reason. Herndon, 215 S.W.3d at 907.

 I would reverse and vacate the order of the trial court granting a new trial. The prior
judgment of conviction and sentence should be reinstated. 

 DON WITTIG,

 Justice




Do not publish. 

Tex. R. App. P. 47.2(b).


Dissenting Memorandum Opinion on Remand 

delivered and filed this 7th day of February, 2008.



1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to section 74.003 of the government code. See Tex. Gov't. Code Ann. § 74.003 (Vernon 2005).


2. State v. Herndon, 115 S.W.3d 231, 234 (Tex. App.-Corpus Christi 2003), rev'd, 215 S.W.3d 901
(Tex. Crim. App. 2007).
3. I would not view the trial court order specifying his holding as a summary, discussion or comment
on the evidence. See Tex. R. App. P. 21.8(b), effective prior to January 1, 2007.
4. Nevertheless, both the majority and dissent address this issue. The general rule informs that a
ruling by the trial court will be upheld if it is correct on any applicable legal theory. See State v. Herndon, 215
S.W.3d 901, 905 n.4 (Tex. Crim. App. 2007). 
5. While the majority notes this standard, I do not discern where the opinion applies this required
criteria because it seems to find that the State does not provide an appellate record establishing an abuse
of discretion. I would hold that the State has shown that the trial court was in error to grant a new trial under
any theory submitted by the defendant as discussed infra.
6. There is a partial non-stenographic tape recording of the bench conference but portions of the
recording remain inaudible.
7. This court did a detailed analysis of the types of error that may result from a court reporter's failure
to record a bench conference. Tanguma v. State, 47 S.W.3d 663, 677 (Tex. App.-Corpus Christi 2001, pet.
ref'd). We held that the failure of the court reporter to record any possible challenges for cause made by a
defense counsel, does not rise to the level of constitutional error. Id. There, we also discussed that when
non-constitutional error is found, the appellate court must disregard any error that does not affect substantial
rights. Id. (citing Tex. R. App. P. 44.2). A substantial right is affected when the error had a substantial and
injurious effect or influence in determining the jury's verdict. Id. (citing King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997)). A criminal conviction should not be overturned for non-constitutional error if the
appellate court, after examining the record as a whole, has fair assurance that the error did not influence the
jury, or had but a slight effect. Id. (citing Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); Rios
v. State, 982 S.W.2d 558, 561 (Tex. App.-San Antonio 1998, pet. ref'd)).


 Here, the failure to record a bench conference was not shown to have any influence on the jury. 
Appellee received all relief he requested. The State and the record demonstrate there was no adverse or
injurious affect caused by the court reporter's failure to record the bench conference. Because no substantial
rights were affected, any error must be disregarded. Mitten v. State, 228 S.W.3d 693, 694 (Tex. App.-Corpus
Christi, 2002, pet. dis'm.); see Tex. R. App. P. 44.2(b). 
8. It was at this point the unrecorded bench conference occurred.
9. I would not hold that a prosecutor's remark addressing a defendant's "personal expression of
remorse" is synonymous with "showing his irresponsibility." For my purposes, I observe that the trial court's
timely and sound admonishment obviated potential error, if any, injected by the State.