In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00372-CR
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**LONNIE JAMES LEWIS A/K/A LONNIE LEWIS A/K/A LONNIE J. LEWIS, Appellee**

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 10-09786

**MEMORANDUM OPINION**

This is an appeal by the State of the trial court's order granting appellee's motion for new trial following his conviction for aggravated assault of a child.[1] We affirm the trial court's order.

---

[1]Lewis appealed his conviction but indicated that he only desired to pursue the appeal if the trial court refused to grant his motion for new trial. Because the trial court granted appellee's motion for new trial, only the State's appeal is now before this Court.

## BACKGROUND

A jury convicted appellee Lonnie James Lewis a/k/a Lonnie Lewis a/k/a Lonnie J. Lewis of aggravated sexual assault of a child as a habitual felony offender and assessed punishment at life imprisonment. Lewis's trial counsel filed a motion for new trial, in which counsel made numerous allegations and contended that the verdict and sentence are contrary to the law and the evidence. In the motion, trial counsel made various accusations concerning alleged misconduct by the trial judge and the prosecutor. Trial counsel's motion alleged that the prosecutor engaged in misconduct by refusing to call an exculpatory witness, Lewis's daughter E.M., to testify. Trial counsel asserted in the motion that E.M. was present in the hotel room when the alleged offense occurred and E.M. would have offered exculpatory testimony. Trial counsel's motion stated that the State's "[w]ithholding good information about the Defendant that is capable of proving his innocence is beyond a travesty of justice." According to trial counsel's motion, the burden to call E.M. to testify rested with the State rather than the defense. Trial counsel pointed out in the motion that E.M. was present in the courtroom every day of the trial.

Trial counsel attached three affidavits to the motion for new trial: one by Lewis, one by E.M., and one by trial counsel. Lewis's affidavit avers that the trial

judge attempted to manipulate him into giving up his right against self-incrimination, treated trial counsel with "inhumane disrespect[,]" and "played a double role, that of a prosecutor dressed in judge's robe." Lewis also insinuated that the trial judge disliked Lewis because of Lewis's race. Second, according to E.M.'s affidavit, the victim testified at trial that E.M. was in the motel room with her and Lewis when the offense occurred, and that Lewis had sex with both her and E.M. E.M. averred in her affidavit that she was present in the courtroom throughout Lewis's trial, and E.M. denied that she and Lewis had ever been to the motel where the offense occurred. Finally, trial counsel's affidavit averred that a member of the jury had told counsel the jury wondered why the State did not subpoena E.M., and that counsel informed the juror that E.M. was in court throughout the trial and that E.M. has a "beautiful" relationship with Lewis.

After Lewis and the State filed notices of appeal, new counsel was appointed to represent Lewis on appeal. Appellate counsel filed a motion for leave to file an amended motion for new trial that explicitly alleged ineffective assistance by trial counsel. In the amended motion, appellate counsel contended that "[t]he original motion alleges ineffective assistance of counsel on its face and therefore this request can be no surprise to the State." According to appellate counsel's motion, "as proved in the original motion, the verdict is contrary to the law because the

defendant did not have the effective assistance of counsel[,]" and "[a] review of the motion itself establishes these claims." Appellate counsel argued in the motion that "there is no legitimate trial strategy in failing to call the very witness counsel can show is entirely exculpatory. The ineffective trial counsel even sets out in the motion for new trial her misunderstanding of the very duty imposed on her to call exculpatory witnesses, especially one that sat through the entire trial."

At the hearing on the motion for new trial, the State objected to appellate counsel's untimely-filed motion for leave to amend the motion for new trial and obtained a running objection to all testimony concerning ineffective assistance of counsel. At the hearing, appellate counsel called trial counsel as a witness. Trial counsel testified that she was Lewis's sole trial counsel during the trial, and that she filed a motion for new trial after Lewis was convicted. Trial counsel testified that E.M.'s affidavit contains exculpatory information. When asked whether she called E.M. to testify at trial, trial counsel responded, "Is the burden on me? Is the burden of proof on . . . the defense attorney?" Trial counsel testified that the burden is on the State of Texas "[t]o call whoever would have information or evidence to make the jury understand what this case is all about . . . in order to prove their case beyond a reasonable doubt." When asked whether she called E.M.

as a witness, trial counsel testified, "the burden is not on me. . . . The burden is not on me to prove the evidence beyond a reasonable doubt . . . ."

When appellate counsel asked trial counsel whether she believed E.M.'s testimony would have been important to the jury, trial counsel responded, "Are you going to ask . . . the A.D.A. that question . . . because the burden is on the State, not on the defense attorney." When asked why she did not call E.M. to testify, trial counsel responded, "I cannot answer any other way than I don't particularly like confusing the jury any[]more than they are [already] confused." Trial counsel opined that if she had called E.M. to testify, it would have confused the jury, and she explained, "I've done that before, by trying to meet the burden of proof of the State." Trial counsel repeated that the prosecutor still had the burden to bring forth exculpatory information and "he did not do his job."

Trial counsel explained that during trial, she was aware of the information concerning E.M. and that E.M. was present during the trial. Trial counsel opined that the prosecutor should have called E.M.

> if for no other reason but to verify whether or not she was in the room or whether or not it happened by [the prosecutor] because he has the burden of proof beyond a reasonable doubt. Let's not get confused; it's not my burden. But he didn't make any effort -- . . . he nor anybody in his office made one single attempt to even contact this girl or call this girl. The burden is on them. . . .What efforts did the State of Texas make to prove the elements of the offense of sexual assault, just by bringing in the victim? That's not how you try a case.

According to trial counsel, Lewis had an opportunity to read his affidavit, and he was "ecstatic" about the affidavit. Trial counsel testified that she suffers from health problems, including sleep apnea.

Lewis testified that trial counsel was his only lawyer during the trial. According to Lewis, trial counsel fell asleep "a good amount of time" during the trial, and he had to bump her to awaken her. Lewis explained that he had seen E.M.'s affidavit, and he opined that testimony from E.M. would have been helpful to his defense and would have made a difference in the outcome of the case. Lewis testified that another person, D.W., would have provided helpful information and would have changed the outcome of his case. According to Lewis, the discovery that the State provided to him contained statements from both E.M. and D.W. Lewis explained that trial counsel brought the motion for new trial with her when she came to see him after the trial, but he was only allowed to read the signature page of his affidavit. Lewis testified that some of the information in his affidavit is untrue, including the allegations that the trial judge attempted to manipulate him, that the trial judge acted as a prosecutor, and that the trial court is a mockery of justice. Lewis testified that he did not make those allegations and was unaware that the affidavit contained them.

The trial court bailiff, Anthony Barker, testified that he observed trial counsel's demeanor during Lewis's trial. According to Barker, counsel appeared to be sleeping during portions of the trial, and he had to admonish Lewis about touching trial counsel until Lewis explained that he was attempting to awaken her.

After the hearing, the trial court signed an order granting Lewis's motion for new trial. In its order, the trial court overruled the State's objection to the motion for new trial filed by trial counsel, but sustained the State's objection to Lewis's untimely attempt to amend his motion for new trial "to the extent said motion raises any new claims for relief not already raised or presented, either in form or substance, in the timely-filed September 21, 2012, new-trial motion." The trial court also found in its order that, "aside from the numerous frivolous allegations which are entirely refuted by the trial record, [trial counsel] had also pleaded certain specific facts which, if shown to be true, would indicate she herself provided the defendant with constitutionally ineffective assistance of counsel during his trial in the underlying cause." The trial court explained that because a claim of ineffective assistance of counsel must be firmly founded in the record, the trial court would have abused its discretion if it had failed to grant an evidentiary hearing.

In its order, the trial court stated that trial counsel pleaded facts indicating that she was aware of the existence of E.M., that E.M. had knowledge of facts demonstrating Lewis's possible innocence, and that E.M. was present in the courtroom during the trial and available to testify, but failed to call E.M. due to trial counsel's mistaken belief that it was the State's burden to present such evidence to the jury. In light of the record of the hearing on Lewis's motion for new trial, as well as the evidence presented during the trial on the merits, the trial court found that E.M. was available to testify and could have provided exculpatory evidence that would likely have affected the jury's deliberations. The trial court also found that trial counsel failed to investigate D.W. as a potential defense witness and failed to call D.W. as a witness at trial without providing an objectively reasonable explanation for her failure to do so.

The trial court found that trial counsel mistakenly believed it was the State's burden to call exculpatory witnesses and that she would confuse the jury if she had called the exculpatory witnesses. According to the trial court, trial counsel "did not testify that any type of trial strategy or tactics were involved in her failure to present [E.M.]'s testimony which, she acknowledged, was exculpatory in nature." The trial court found that trial counsel "continually exhibited a lack of understanding of fundamental criminal law and procedure, especially with regard

8

to the scope of the State's burden of proof at trial, in contrast to the duties and responsibilities of the criminal defense attorney . . . ." The trial court concluded that trial counsel's performance "fell below an objective standard of reasonableness under the prevailing professional norms for criminal defense practitioners, as a matter of law." In addition, the trial court concluded that a reasonable probability exists that but for trial counsel's objectively ineffective assistance, the result of the trial would have been different. The trial court concluded that defense counsel's objectively unreasonable performance required that Lewis be granted a new trial.

THE STATE'S ISSUE

In its sole appellate issue, the State contends that because the motion for new trial did not properly put the issue of ineffective assistance of counsel before the trial court, the trial court abused its discretion by granting a new trial on that basis. We review a trial court's decision to grant a new trial under an abuse of discretion standard. *See State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). A trial court lacks the discretion to grant a new trial "unless the defendant shows that he is entitled to one under the law." *Id*. at 907.

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). A defendant must demonstrate a reasonable probability that but for his counsel's errors, the outcome would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Id.* However, "when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as she did." *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (citing *Strickland*, 466 U.S. at 690).

Lewis was required to prove that there was no professional reason for specific acts or omissions of his trial counsel. *See Bone,* 77 S.W.3d at 836. Furthermore, "[a]ny allegation of ineffectiveness must be firmly founded in the

10

record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).

Rule 21.4(b) of the Texas Rules of Appellate Procedure provides that within 30 days after the trial court imposes sentence in open court but before the trial court overrules any preceding motion for new trial, a defendant may, with leave of court, file one or more amended motions for new trial. Tex. R. App. P. 21.4(b).

> . . . Rule 21.4(b) neither circumscribes the trial court's subject matter jurisdiction, nor curtails its authority to rule on a timely original motion for new trial, even as untimely amended, within the seventy-five-day period within which the original motion must be ruled upon or else it is overruled by operation of law. Rule 21.4(b) *does* permit the State to insist within those seventy-five days that the trial court rule only upon the timely motion for new trial as originally filed or timely amended, but not as untimely amended. Should the trial court refuse to limit its ruling to the original motion and grant relief on the basis of the amendment over the State's objection, the appellate court should consider only the validity of the original and any timely amended motion for new trial, and should reverse any ruling granting a new trial based upon matters raised for the first time in an untimely amendment.

*State v. Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007). A trial court does not abuse its discretion when granting a motion for new trial if the defendant (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3)

11

showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure. *Herndon*, 215 S.W.3d at 909.

It is true that "ineffective assistance of counsel" is not explicitly stated in trial counsel's motion for new trial as a ground for the relief sought. *See* Tex. R. App. P. 21.3 (identifying eight grounds for new trial). However, although the phrases "ineffective assistance of counsel" or "denial of counsel" are not explicitly included as grounds for granting a new trial, the face of the original, timely-filed motion for new trial alleges facts demonstrating a fundamental misunderstanding by trial counsel of the role of defense counsel and the State's burden, such that the face of the motion brings counsel's effectiveness into question. *See generally State v. Herndon*, 115 S.W.3d 231, 233 (Tex. App.—Corpus Christi 2003), *vacated on other grounds,* 215 S.W.3d 901 (Tex. Crim. App. 2007) ("When a motion states grounds that would entitle an accused to a new trial, it is to be considered a motion for new trial, regardless of its title."). We therefore conclude that the issue of whether trial counsel provided effective assistance was properly before the trial court at the hearing on the motion for new trial.

In addition, we conclude that the original motion for new trial articulated a valid legal claim; the supporting affidavits and the evidence adduced at the hearing on the motion substantiated the legal claim and affirmatively demonstrated that

12

trial counsel's performance was deficient; and Lewis showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure. *See Herndon*, 215 S.W.3d at 909; *see also* Tex. R. App. P. 44.2. On the facts presented here, there is no reasonable trial strategy that justifies trial counsel's decision not to call exculpatory witnesses to testify on Lewis's behalf. *See Andrews*, 159 S.W.3d at 102. We therefore conclude that the trial court did not abuse its discretion by granting Lewis's motion for new trial. Accordingly, we overrule the State's sole issue and affirm the trial court's order granting Lewis's motion for new trial.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 6, 2013
Opinion Delivered May 22, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.