wimbrey v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-370-CR

LAWRENCE E. WIMBREY, JR. APPELLANT

A/K/A LAWRENCE E. WIMBREY 

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Lawrence E. Wimbrey, Jr. a/k/a Lawrence E. Wimbrey appeals from his conviction for aggravated robbery with a deadly weapon.  Appellant pled not guilty.  A jury convicted him, and the trial court sentenced him to forty years’ imprisonment.  
In two points, Appellant complains that the State improperly commented on his failure to testify and that the evidence was factually insufficient to support his conviction.  We affirm.

Around 10:00 p.m. on December 27, 2001, a man entered a Fort Worth Blockbuster video store where Anita Lerma and Chris Cook were working.  Lerma, the manager on duty, and Cook were working at the front of the store’s check-out area.  The man approached the counter, surreptitiously pointed a gun at Lerma and Cook, and forced them to empty the contents of the cash registers into a bag.  
The man said, “[T]hank you, have a nice day,” and left the store.

Although five time-lapse video security cameras were located in the store,  
they did not capture images of either the gun or of Lerma handing the bag of money to the man.  About two months after the robbery, both Lerma and Cook separately identified Appellant in a photographic lineup.  Neither had any doubt of their identification of Appellant as the robber.  At trial, both Lerma and Cook identified Appellant as the man who robbed the store.  Both Lerma and Cook testified that Appellant had used a gun and that a robbery had occurred.

Point 1

In his first point, Appellant argues that his conviction should be reversed because the prosecutor commented on his failure to testify.  The record reflects during final argument at the guilt phase of trial, the prosecutor argued to the jury:

But when you all work through [the evidence], you will come down to the same conclusion, that on December 27th, a man walked in there coolly and calmly, you see the pictures, walking through the store, walks up, no movie in his hands, certainly not checking out, they keep making the point where there’s no picture of the money or the bag on the videotape.

Well, nobody is disputing there’s a robbery.
  [Emphasis added.]

To determine if a prosecutor’s comment violated article 38.08 and constituted an impermissible reference to an accused’s failure to testify, we must consider whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily consider it to be a comment on the failure of the accused to testify.  
Tex. Code Crim. Proc. Ann.
 art. 38.08 (Vernon 1979); 
see Bustamante v. State
, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); 
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999).  The offending language must be viewed from the standpoint of the jury and the implication that the comment referred to the accused’s failure to testify must be clear.  
Bustamante
, 48 S.W.3d at 765; 
Swallow v. State
, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).
  It is not sufficient that the language might be construed as an implied or indirect allusion to the accused’s right to remain silent. 
 Patrick v. State,
 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995), 
cert. denied
, 517 U.S. 1106 (1996)
.

If the prosecutor’s remark called the jury’s attention to the absence of evidence that could only be supplied by the testimony of the accused, the comment is improper; however, if the language reasonably can be construed to refer to Appellant’s failure to present evidence other than his own testimony, the comment is not improper.  
Wolfe v. State
, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996); 
Madden v. State
, 799 S.W.2d 683, 700 (Tex. Crim. App. 1990), 
cert. denied
, 499 U.S. 954 (1991). 

Even if the State’s remark was a comment on Appellant’s failure to testify, we hold that no harm occurred.  
We apply a rule 44.2(a) constitutional harm analysis in situations where the State comments on a defendant’s failure to testify and reverse only when we determine beyond a reasonable doubt that the error contributed to the defendant’s conviction or punishment.  
Tex. R. App. P.
 
44.2(a); see 
Carroll v. State
, 68 S.W.3d 250, 253 (Tex. App.—Fort Worth 2002, no pet.) (holding trial court unconstitutionally coerced defendant into testifying at sentencing in violation of Fifth Amendment; conducting harm analysis under 
Tex. R. App. P.
 44.2(a))
; 
Bustamante v. State
, No. 08-97-00008-CR, slip op. at 3-4, 2002 WL 1764048, at *2 (Tex. App.—El Paso July 31, 2002, no pet.) (reviewing error involving comment on defendant’s failure to testify under 
Tex. R. App. P.
 44.2(a)).

The question is whether the prosecutor’s comment, if error, was harmless beyond a reasonable doubt.  
See Williams v. State
, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997).  In applying the “harmless error” test, our primary question is what effect the error had, or reasonably may have had, on the jury’s decision. 
 Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999)
.

Our harmless error analysis must focus upon the error rather than the propriety of the outcome of the trial, trace its probable impact upon the jury, and determine whether it contributed to the conviction or punishment.  
Wesbrook v. State
, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001); 
Harris v. State
, 790 S.W.2d 568, 585-87 (Tex. Crim. App. 1989).
  We consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would likely encourage the State to repeat it with impunity.  
Harris
, 790 S.W.2d at 
587.  This requires us to evaluate the entire record in a neutral, impartial, and even-handed manner, not in the light most favorable to the prosecution.  
Id.
 at 586.

In our review of the record, the context of the prosecutor’s statement shows that it was an off-hand comment and was not intended to taint the trial process with an improper argument.  Further, when defense counsel objected to the State's argument and the trial court overruled the objection, the State completely abandoned its argument and never again mentioned the fact that the occurrence of the robbery was undisputed.  Although the trial court overruled  Appellant’s objection, the court commented, “This is argument.  It’s not evidence.  Let’s move on.”  The trial court’s statement de-emphasized the importance of the comment to the jury.  Since the prosecutor’s off-hand comment was not reinforced or emphasized, and the court de-emphasized its importance, the probable impact of the error on the jury was minimal, if any.  After carefully reviewing the record and performing the required harm analysis under rule 44.2(a), we hold beyond a reasonable doubt that the trial court’s alleged error did not contribute to Appellant’s conviction or punishment. 
 
Tex. R. App. P.
 44.2(a).

Point 2

In his second point, Appellant contends that the evidence adduced at trial was factually insufficient to support his conviction for aggravated robbery.  In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finders’ determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

After our careful review of the record, we hold that the evidence was factually sufficient to support the jury’s verdict.  
See Johnson, 
23 S.W.3d at  9, 12.  We affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

PUBLISH

DELIVERED: March 27, 2003