COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-145-CR

 

 

ERIC JENNINGS A/K/A                                                         APPELLANT

ERIC JEMNNINGS

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------

I. INTRODUCTION








A jury found appellant Eric Jennings a/k/a Eric
Jemnnings guilty of aggravated sexual assault of a child (Count I) and
indecency with a childCsexual contact (Count II).  The jury assessed his punishment at thirty
years=
confinement for Count I and fifteen years=
confinement for Count II, and the trial court sentenced Jennings accordingly,
ordering the sentences to run concurrently. 
In three points, Jennings argues that convictions on both Counts I and
II violate his right to be free from double jeopardy and that the trial court
erred by overruling his objections to the State=s
comment on his failure to testify and to the jury charge on punishment.  We will affirm.

II. FACTUAL BACKGROUND

Jennings lived with his
girlfriend Kandice Pierce, her two children M.R. and R.R., and their infant
daughter.  Early one morning, Pierce was
walking past M.R.=s bedroom on her way to the
kitchen when she saw a shadow in M.R.=s
room.  She opened the door to find
Jennings standing over M.R.=s bed
straightening up the covers.  Pierce
turned on the light in the bedroom and asked Jennings what he was doing.  When Jennings turned around, his erect penis
was sticking out of his boxer shorts, and he was sweating.  He said, AOh,
sh**, Kandice,@ and began apologizing, telling
her that he was sorry, that he loved them, and that he would not do anything to
them.  Pierce picked up M.R. and took her
to the master bedroom, where she asked M.R. if Jennings had touched her.  M.R. told Pierce that Jennings had Atouched
her poo-poo@ and pointed to her female
sexual organ.  








Pierce took M.R. to the hospital, where pediatric
nurse practitioner Sandra Arthur interviewed and examined M.R.  M.R. told Arthur that Jennings had licked her
Atu-tu,@ and
when asked to identify on a drawing of an anatomically correct girl where he
had licked her, M.R. pointed to the female sexual organ.  M.R. also told Arthur that Jennings had put
his finger on her Atu-tu@ and
that it hurt.  Arthur=s
physical examination of M.R. did not reveal any evidence of sexual abuse.  During the examination, Arthur collected
swabs of DNA from M.R.=s vulvar region and inner
thighs.

The following day, child forensic interviewer
Lindsey Dula interviewed M.R.  M.R. told
her that Jennings had licked and kissed her Atu-tu.@  Jennings voluntarily gave Dula a saliva
sample.  Forensic testing of the DNA on
the swab from M.R.=s inner thigh matched Jennings=s DNA.

III.  DOUBLE JEOPARDY

In his first point, Jennings argues that he was
improperly convicted of both the greater offense of aggravated sexual assault
of a child and the lesser included offense of indecency with a childCsexual
contact in violation of double jeopardy.








The indictment charged that Jennings
intentionally or knowingly caused the sexual organ of M.R., a child younger
than fourteen years of age, to contact Jennings=s
mouth.  The indictment also charged that
Jennings intentionally and knowingly engaged in sexual contact with M.R., a
child younger than seventeen years of age, by touching her female sexual organ
with the intent to arouse or gratify his sexual desire.  At the end of the guilt-innocence stage of
trial, Jennings asked the trial court to require the State to elect the offense
upon which it intended to seek a conviction. 
The trial court denied his request. 

The Double Jeopardy Clause of the United States
Constitution provides that no person shall be subjected to twice having life or
limb in jeopardy for the same offense. 
U.S. Const. amend. V.  Generally,
this clause protects against (1) a second prosecution for the same offense
after acquittal, (2) a second prosecution for the same offense after
conviction, and (3) multiple punishments for the same offense.  Brown v. Ohio, 432 U.S. 161, 165, 97
S. Ct. 2221, 2225 (1977); Ex parte Cavazos, 203 S.W.3d 333, 336 (Tex.
Crim. App. 2006).  When a defendant is
subjected to a single trial, only the last aspect of the protection against
multiple punishments is involved.  Ex
parte Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990).  In order to prevail on a double jeopardy
claim, the evidence must show that the two offenses at issue necessarily arose
from Aone act
which could be subject to two different interpretations.@  Ochoa v. State, 982 S.W.2d 904, 908
(Tex. Crim. App. 1998).








A person who commits more than one sexual assault
against the same complainant may be convicted and punished for each separate
act, even if the acts were committed in close temporal proximity.  Vick v. State, 991 S.W.2d 830, 833
(Tex. Crim. App. 1999).  The statutes do
not, however, authorize A>stop‑action=
prosecutions.@ Patterson v. State, 152
S.W.3d 88, 92 (Tex. Crim. App. 2004). 
That is, a defendant cannot be convicted for a completed act of sexual
assault and also for conduct that is demonstrably part of the commission of the
completed act.  Id. However, even
when two acts are committed in close temporal proximity, the acts still may be
separate and distinct acts for double jeopardy purposes.  Bottenfield v. State, 77 S.W.3d 349,
358 (Tex. App.CFort Worth 2002, pet. ref=d), cert.
denied, 539 U.S. 916 (2003); Hutchins v. State, 992 S.W.2d 629, 633
(Tex. App.CAustin 1999, pet. ref=d).  Thus, depending on the facts of the case,
indecency with a child may or may not constitute a lesser included offense of
aggravated sexual assault.  See Ochoa,
982 S.W.2d at 907B08; Beltran v. State, 30
S.W.3d 532, 534 (Tex. App.CSan
Antonio 2000, no pet.).








Jennings relies on Ochoa for the
proposition that his convictions for aggravated sexual assault and indecency
with a childCsexual contact were based on the
same act and, thus, violated double jeopardy. 
See 982 S.W.2d at 906. 
Like Jennings, Ochoa was indicted for and found guilty of both indecency
with a child and aggravated sexual assault. 
Id. at 905.  Both offenses
were alleged to have occurred on the same date. 
Id.  The court of criminal
appeals held that because the evidence, which consisted of the child=s
statement that Ochoa A>put his
thing in my butt,=@
referred to only one incident, Ochoa had committed only one offense.  Id. at 907B08.  According to the court, Ochoa Acommitted
one act, which could be subject to two different interpretations,@ but the
jury could not convict him of both.  Id. at 908. 

Unlike Ochoa, the present case is not a
situation in which Jennings only Acommitted
one act which could be subject to two different interpretations.@  Id. at 908.  The evidence at trial demonstrated that
Jennings had touched and rubbed M.R.=s female
sexual organ with his finger and that he had licked her female sexual organ
with his tongue.  M.R. testified at trial
that Jennings had rubbed her Aprivate
part@ and
demonstrated the rubbing action with her hand. 
She also testified that he had licked her Aprivate
part@ and
demonstrated the licking action on her arm. 
Arthur testified that M.R. had told her that Jennings had put his finger
on her Atu-tu@ and
that he had licked her Atu-tu,@ and
Dula testified that M.R. told her that Jennings had licked and kissed her Atu-tu.@













Although the two acts were committed in close
temporal proximity, Jennings=s
touching and rubbing of M.R.=s female
sexual organ with his finger was a separate and distinct act from his licking
her female sexual organ with his tongue.[2]  See, e.g., Bottenfield, 77 S.W.3d at
358 (holding that touching victim=s
genitals with finger was separate and distinct from contacting her sexual organ
with penis, even when committed during the same occurrence); Murray v. State,
24 S.W.3d 881, 889 (Tex. App.CWaco
2000, pet. ref=d) (holding that defendant Acommitted
two separate actsCpenetrating the victim=s sexual
organ with his finger and touching her genitals with his tongue@); Hutchins,
992 S.W.2d at 633 (upholding convictions for aggravated sexual assault and
indecency with a child by contact because acts, although close in time, were
separate); Wingrove v. State, No. 2‑05‑00135‑CR, 2006
WL 2507433, at *3 (Tex. App.CFort
Worth Aug. 31, 2006, pet. ref=d) (not
designated for publication) (holding evidence that defendant A>touched
[victim=s]
privates=@ with
his hand supported indecency with a child conviction and evidence that
defendant A>touched
[victim=s]
privates=@ with
his tongue supported separate aggravated sexual assault conviction).  Consequently, indecency with a child was not
a lesser included offense of aggravated sexual assault based on the facts of
this case.  See Ochoa, 982 S.W.2d
at 907B08.  Thus, the State was entitled to seek
convictions for both, and Jennings=s double
jeopardy rights were not violated by his punishment for both offenses.  See id.  We overrule Jennings=s first
point.

IV.  COMMENT
ON JENNINGS=S FAILURE
TO TESTIFY

In his second point, Jennings argues that during
closing argument at the punishment stage of trial, the State commented on his
failure to testify and that the trial court erred by overruling his objection
to this comment.  Jennings claims that
the prosecutor=s comment violated his state and
federal constitutional rights against self-incrimination and article 38.08 of
the code of criminal procedure.  See
U.S. Const. amend V; Tex. Const. art. I, ' 10;
Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005). 

The defense called five witnesses at the
punishment stage of trial.  During
cross-examination of each defense witness, the State asked whether Jennings had
taken any responsibility for his actions, whether he had shown any remorse, or
whether he had expressed that he felt bad about the incident.  Each witness testified that he had not.  During the State=s
closing argument, the prosecutor stated, 

Every single defense witness who came up here testified that he=s a good person.  You know what?  Maybe he is. 
And you know what?  All of those
five individuals asked you for a second chance. 


But that defendant never asked those five individuals for a second
chance.  He never said he was sorry for
what he did, and he=s never shown an ounce of
remorse.








Defense counsel objected that this argument was a comment on Jennings=s
failure to testify, and the trial court overruled his objection.

A comment on an accused=s
failure to testify violates the accused=s state
and federal constitutional privileges against self-incrimination.  Montoya v. State, 744 S.W.2d 15, 34
(Tex. Crim. App. 1987) (op. on reh=g), overruled
on other grounds by Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996); Smith v. State, 65 S.W.3d 332, 339 (Tex. App.CWaco
2001, no pet.).  In addition, the Texas
Code of Criminal Procedure provides that a defendant=s
failure to testify on his own behalf may not be held against him and that
counsel may not allude to the defendant=s
failure to testify.  Tex. Code Crim.
Proc. Ann. art. 38.08.








To violate the right against self‑incrimination
or article 38.08, we must decide whether the language used was manifestly
intended or was of such a character that the jury naturally and necessarily
would have considered it to be a comment on the defendant=s
failure to testify.  See Bustamante v.
State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); Fuentes v. State,
991 S.W.2d 267, 275 (Tex. Crim. App.), cert. denied, 528 U.S. 1026
(1999).  The offending language must be
viewed from the jury=s standpoint, and the
implication that the comment referred to the accused=s
failure to testify must be clear.  Bustamante,
48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App.
1992).  A mere indirect or implied
allusion to the defendant=s failure to testify does not
violate the accused=s right to remain silent.  Wead v. State, 129 S.W.3d 126, 130
(Tex. Crim. App. 2004); Patrick v. State, 906 S.W.2d 481, 490B91 (Tex.
Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996).

 A
statement referencing evidence that can come only from the defendant is a
direct comment on the defendant=s
failure to testify.  Goff v. State,
931 S.W.2d 537, 548 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1171
(1997); Madden v. State, 799 S.W.2d 683, 700 (Tex. Crim. App. 1990), cert.
denied, 499 U.S. 954 (1991).  Direct
testimony as to contrition or remorse can come only from the accused, and when
offered by witnesses other than the accused himself, the testimony is
inadmissible.  Swallow, 829 S.W.2d
at 225 (citing Thomas v. State, 638 S.W.2d 481, 484 (Tex. Crim. App.
1982)).








Reference to a defendant=s
failure to express remorse himself during the trial is a comment on the
defendant=s failure to testify.  Cooper v. State, 959 S.W.2d 682, 686
(Tex. App.CAustin 1997, pet. ref=d)
(citing Swallow, 829 S.W.2d at 226). 
On the other hand, reference to the defendant=s
failure to introduce evidence of remorse through other witnesses may be
erroneous for other reasons but does not constitute a comment on the defendant=s
failure to testify.  Id. (citing
 Swallow, 829 S.W.2d at 227 n.2,
which cites Thomas, 638 S.W.2d at 485); see Caldwell v. State,
818 S.W.2d 790, 800 (Tex. Crim. App. 1991), cert. denied., 503 U.S. 990
(1992), overruled on other grounds by Castillo v. State, 913 S.W.2d 529,
533 (Tex. Crim. App. 1995) (noting that evidence of lack of remorse may come
from other sources besides the accused and reference to that evidence would not
constitute a comment on defendant=s
failure to testify).








Jennings relies in part on Swallow to
support his contention that the complained-of statement during the State=s
closing argument constituted an impermissible comment on his failure to
testify.  See Swallow,  829 S.W.2d at 225B26.  In Swallow, the State argued in its
closing argument that a defendant who expresses remorse and admits guilt is
worthy of the average DWI punishment. 
829 S.W.2d at 225.  The court of
criminal appeals held that this remark was an impermissible comment on the
defendant=s failure to testify.  Id. at 226.  But the court distinguished the comment from
the prosecutor=s comment in Thomas.  Id. at 227 n.2.  In Thomas,  the State argued that the jury A>didn=t hear
one single solitary bit of contrition on the part of this defendant from his witnesses
nor his attorney.=@  638 S.W.2d at 482.  The court of criminal appeals held that the
argument was not a direct reference to the defendant=s
failure to testify but rather a comment that called attention to the lack of
testimony from the defense witnesses and the defendant=s  attorney. 
Id. at 485 (A[The
prosecutor=s] language literally indicted
others than appellant individually and personally.@).








Here,  when
taken in a vacuum, the State=s
comment that Jennings never expressed remorse might be construed as a comment
on his failure to testify.  See Cooper,
959 S.W.2d at 686.  But we do not view
the statement in a vacuum; instead, when taken in context with the State=s entire
argument and in light of the State=s
questioning all five defense witnesses about whether Jennings expressed any
remorse to them, the State=s
comment was more like that in Thomas rather than that in Swallow.  Compare Thomas, 638 S.W.2d at 484B85, with
Swallow, 829 S.W.2d at 225, 227 n.2. 
The complained-of comment did not Anaturally
and necessarily@ refer to Jennings=s
failure to testify; rather, the comment was equally likely a direct reference
to testimony from Jennings=s
defense witnessesCtestimony that Jennings did not
express any remorse to them.  Caldwell,
818 S.W.2d at 800; see Thomas, 638 S.W.2d at 485; Cooper, 959
S.W.2d at 686; see also Chimney v. State, 6 S.W.3d 681, 703 (Tex. App.CWaco
1999, pet. ref=d) (distinguishing prosecutor=s
comment that witnesses did not testify that defendant expressed remorse from
comment that defendant himself had no remorse and holding that former was not
comment on failure to testify).  Although
the comment might have called for inadmissible testimony, it was not necessarily
a reference to Jennings=s failure to testify.  See Thomas, 638 S.W.2d at 484B85; Cooper,
959 S.W.2d at 686.  Thus, viewing the
State=s
comment from the jury=s standpoint, we hold that the
comment was not manifestly intended or of such a character that the jury
naturally and necessarily would have considered it to be a comment on Jennings=s
failure to testify.  See Bustamante,
48 S.W.3d at 765; Fuentes, 991 S.W.2d at 275; Thomas, 638 S.W.2d
at 485B86.

Alternatively, even if the trial court erred by
overruling Jennings=s objection to the State=s
comment, we conclude that any error was harmless.  See Tex. R. App. P. 44.2(a); see
Wimbrey v. State, 106 S.W.3d 190, 192 (Tex. App.CFort
Worth 2003, pet. ref=d).  Under Texas Rule of Appellate Procedure
44.2(a), upon determining constitutional error exists, we should reverse unless
we determine beyond a reasonable doubt that the error did not contribute to the
defendants conviction or punishment.  See
Tex. R. App. P. 44.2(a).  Our primary
inquiry is what effect the error had, or reasonably may have had, on the jury=s
decision.  Wimbrey, 106 S.W.3d at
192.  AWe
consider the source and nature of the error, the extent that it was emphasized
by the State, its probable collateral implications, the weight a juror would
probably place on the error, and whether declaring it harmless would likely
encourage the State to repeat it with impunity.@  Harris v. State, 790 S.W.2d 568, 587
(Tex. Crim. App. 1989).








As we explained above, the complained‑of
comment was, at most, an indirect comment on Jennings=s
failure to testify, and a review of the State=s entire
argument reveals that the comment referred to testimony elicited from Jennings=s five
defense witnesses that Jennings had not expressed remorse to them.  See Harris, 790 S.W.2d at 587; Cooper,
959 S.W.2d at 686.  Our neutral,
impartial review of the record further demonstrates that the comment was a
small part of the State=s argument and was not
emphasized or mentioned again and that a juror would probably not attribute
much, if any, weight to the error.  See
Harris, 790 S.W.2d at 587.  Although
the trial court overruled Jennings=s objection,
the court read its charge on punishment to the jury prior to closing
arguments.  The charge included an
instruction not to consider Jennings=s
failure to testify, and the jury is presumed to follow these instructions.  See Colburn v. State, 966
S.W.2d 511, 520 (Tex. Crim. App. 1998).

After carefully reviewing the record and
performing the harm analysis required under rule 44.2(a), we alternatively hold
that if the trial court erred by overruling Jennings=s
objection to the comment at issue then beyond a reasonable doubt such error did
not contribute to Jennings=s
conviction or punishment.  See
Tex. R. App. P. 44.2(a).  We overrule
Jennings=s second
point.








V.  JURY CHARGE ON PUNISHMENT








In his third point, Jennings argues that the
trial court erred by overruling his objection to the portion of the jury charge
on punishment concerning the possibility that he could receive good conduct
time while in prison.[3]  Jennings acknowledges that this instruction
tracked article 37.07, section 4(b) of the Texas Code of Criminal Procedure,
but he argues that the instruction is erroneous and unconstitutional as applied
to him because he was ineligible to receive good conduct time credit.  See Tex. Code Crim. Proc. Ann. art.
37.07, ' 4
(Vernon Supp. 2008) (requiring jury instruction during the punishment phase to
inform jury of existence and mechanics of parole law and good conduct time).
Jennings also acknowledges that the court of criminal appeals has directly
addressed this issue and found no violation of due process.  See Luquis v. State, 72 S.W.3d 355,
363B64 (Tex.
Crim. App. 2002).  He contends, however,
that he brings his complaint Ato
preserve the issue for review.@ 

In Luquis, the court of criminal appeals
acknowledged that the instruction dictated by the code of criminal procedure
may appear to be misleading and inapplicable to some defendants.  Id. at 363.  Nevertheless, it construed article 37.07,
section 4(b) of the code of criminal procedure to be an absolute command that
the good conduct time instruction be given to the jury.  Id. 
Accordingly, a trial judge who gives the instruction does not commit
error.  Id.  The court also held that the required
instruction as a whole is not so misleading as to deny a defendant due
process.  Id. at 368.








This court is bound by the precedent of the Texas
Court of Criminal Appeals and has no authority to disregard or overrule  it.  Sierra
v. State, 157 S.W.3d 52, 60 (Tex. App.CFort
Worth 2004), aff=d,  218 S.W.3d 85 (Tex. Crim. App. 2007).  Accordingly, following Luquis, we hold
that the trial court did not err by overruling Jennings=s
objection to that portion of jury charge on punishment regarding good conduct
time.  See Luquis, 72 S.W.3d at
363, 368; see also Sanders v. State, 255 S.W.3d 754, 765B66 (Tex.
App.CFort
Worth 2008, pet. ref=d) (following Luquis and
noting that in Cagle v. State, 23 S.W.3d 590, 594 (Tex. App.CFort
Worth 2000, pet. ref=d), our court also determined
that a jury charge like the one here does not violate a defendant=s due
process rights).  We overrule Jennings=s third
point. 

VI.  CONCLUSION

Having overruled Jennings=s three
points, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: WALKER, MCCOY, and
MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 4, 2009











[1]See Tex. R. App. P. 47.4.





[2]Jennings also relies on
the Austin court=s opinion in Patterson
v. State to support his argument, but the facts there are distinguishable
from the acts committed by Jennings.  See
96 S.W.3d 427, 432 (Tex. App.CAustin 2002), aff=d, 152 S.W.3d at 92 (Tex.
Crim. App. 2004), overruled on other grounds by Sledge v. State, 262
S.W.3d 492, 496 (Tex. App.CAustin 2008, pet. ref=d).  In Patterson, the indecency conviction
was based on the same conduct for which the defendant was also convicted of
aggravated sexual assault.  Id. at
432.  As we have explained, that is not the
case here.  Jennings committed two
separate acts.





[3]Specifically, Jennings
complains of the following instruction:  AUnder the law applicable
in this case, the defendant, if sentenced to a term of imprisonment, may earn
time off the period of incarceration imposed through the award of good conduct
time.@  Defense counsel objected, AThis is a 3G offense,
Your Honor, and good conduct time is not allowed.  And so [Jennings] can=t earn good conduct time,
and yet the Court is telling him that he can. 
We would object to that as being a violation of due process and equal
protection . . . .A  See Tex. Gov=t Code ' 508.145(d) (Vernon Supp.
2008) (prohibiting release on mandatory supervision if inmate is convicted of
those offenses listed in art. 42.12, ' 3g(a)(1), which are the same offenses for which
the section 4(a) jury instruction is required); Tex. Code. Crim. Proc. Ann. art
42.12, ' 3(g) (Vernon Supp.
2008) (listing aggravated sexual assault and indecency with a child).