**MODIFY and AFFIRM; and Opinion Filed August 6, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00397-CR
No. 05-13-00399-CR
No. 05-13-00406-CR
No. 05-13-00407-CR

**OCTAVIOUS JAMES JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-08-20340-W, F-08-20341-W, F-12-70580-W, and F-12-70581-W**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Lewis

A jury found appellant Octavious James Jackson guilty of two counts of robbery and assessed his punishment at eighteen years' imprisonment. Jackson was on community supervision at the time of the robbery offense; he had previously pleaded guilty, judicially confessed to two offenses of retaliation, entered plea bargain agreements, and for each offense was placed on community supervision for a period of two years and assessed a $2,000 fine. Jackson (1) contends the trial court erred by allowing the prosecutor to impermissibly comment on Jackson's failure to testify; (2) challenges the sufficiency of the evidence to support the trial court's finding that Jackson owed unpaid fees and court costs; and (3) asks this Court to modify

the trial court's judgments revoking community supervision to delete fines, to properly reflect the conditions of community supervision he was found to violate and the extent of those violations, and to reflect he entered pleas of not true to the motions to revoke community supervision. We modify the judgments revoking community supervision to reflect Jackson committed two robberies, and Jackson entered pleas of not true to the motions to revoke community supervision. As modified, we affirm the trial court's judgments. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

## BACKGROUND

On January 9, 2008, Jackson's mother called the DeSoto police and reported that Jackson was threatening to hurt her. Jackson was indicted for two counts of retaliation, one against his mother and one against a DeSoto police officer. Jackson pleaded guilty to retaliation charges on both counts. Pursuant to a plea bargain agreement, on each count, Jackson was fined $2,000 and sentenced to five years' confinement, which was suspended for two years' community supervision. The State moved to revoke Jackson's community supervision on four different occasions for a variety of reasons. However, each time the State withdrew its motions and allowed Jackson to continue community supervision but noted Jackson's nonpayment of fees.

On February 6, 2012, Sanlisha Reed and Delissha Burrell arrived at Burrell's apartment after buying video games. Reed, who was driving, reported she and Burrell were sitting in the car when she saw Burrell's passenger door open and heard Burrell began to scream. Reed saw Jackson stick his head into the car and point a handgun at both women. Jackson told the women to get out of the car. After getting out of the car, Jackson took Reed's necklace and Burrell's

phone. Jackson told the women to "get the F out of there," and he threatened to kill them. The women ran off and Reed used her cell phone to call 9-1-1.

When the police arrived, Jackson had left the scene in Reed's car. The car was found a few days later. The women's belongings were not in the car but Reed found a speeding ticket issued to Jackson by the Mesquite police a few hours after the car was stolen. The police found fingerprints in the car that matched Jackson's. Reed and Burrell both identified Jackson in a police line-up as the robber.

The State indicted Jackson for two counts of aggravated robbery. Jackson pleaded not guilty to both counts. In each count, a jury found Jackson guilty of the lesser-included offense of robbery and sentenced him to eighteen years' confinement to be served concurrently. The State also moved to revoke Jackson's community supervision. At the hearing, the trial judge took judicial notice of the robbery trial, and Jackson's community supervision officers testified regarding his delinquency of fees. The trial court found Jackson did violate his community supervision and revoked his community supervision. Jackson now appeals and asks this Court for a reversal and a new trial on his punishment.

DISCUSSION

## I. Improper Jury Argument

During the robbery proceedings, Jackson did not testify. During the State's closing argument at the punishment phase of the trial, the following occurred:

> [PROSECUTOR]: And even more interesting is that you now know from Mr. Williams, that this is what Octavious Jackson looked like in February 2012. Not clean shaven so he can change himself for court, but this is how he looked. Ask yourself why he looks different today.
>
> [DEFENSE COUNSEL]: Your Honor, I'm going to object. It's commenting on the Defendant's lack of testimony and the Defendant's appearance in the

–3–

courtroom. It's alluding to it, and I think it's breaking his right to silence at this point.

[COURT REPORTER]: I'm sorry, I did not understand the last of what you said.

[DEFENSE COUNSEL]: It's breaking his right to silence at this point, and I object to it.

[THE COURT]: Overruled.

In Jackson's first three issues he argues that during the punishment phase of the trial, the prosecutor commented on Jackson's failure to testify which violated his rights under state and federal laws. The prosecutor's argument was referring to testimony of one of Jackson's prior community supervision officers who identified a photograph of Jackson. This photograph was a duplicate of the photograph used to identify Jackson in the police line-up and Williams testified it was how Jackson looked during his time on community supervision. Jackson contends the only inference that can be drawn from the argument is that Jackson changed his appearance so that he would be harder to identify in open court and any other explanation would have, of necessity, come only from Jackson. The State argues the statement was not intended to point out Jackson's silence, but even if it was error, it was harmless.

Proper jury arguments are a summary of the evidence, reasonable deductions from the evidence, answers to the opponent's argument, or pleas for law enforcement. *Sauceda v. State*, 859 S.W.2d 469, 474 (Tex. App.—Dallas 1993, pet. ref'd). A prosecutor's comment on a defendant's failure to testify violates both the federal and state constitutions. *See* U.S. CONST. amends. V and XIV; TEX. CONST. art. 1, § 10; *see also Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). In addition, article 38.08 of the code of criminal procedure prohibits allusion to or comment on a defendant's failure to testify:

> Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a

circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause.

Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005).

We review the offending language from the jury's standpoint and the implication that the comment referred to the defendant's failure to testify must be clear to violate the right against self-incrimination. *Bustamante*, 48 S.W.3d at 765. It is not enough that the language might be construed as an implied or indirect allusion to the defendant's failure to testify. *Id*. "The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character." *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007) (citing *Bustamante*, 48 S.W.3d at 765). If the prosecutor's comment called the jury's attention to the absence of evidence that could only be supplied by the testimony of the accused, the comment is improper; however, if the language reasonably can be construed to refer to appellant's failure to present evidence other than his own testimony, the comment is not improper. *Wimbrey v. State*, 106 S.W.3d 190, 192 (Tex. App.—Fort Worth 2009, pet. ref'd); *see Madden v. State*, 799 S.W.2d 683, 700 (Tex. Crim. App. 1990).

In this case, the State's comment was directed at Jackson's appearance. "A comment that refers to non-testimonial ordinary courtroom demeanor may be an indirect comment on the defendant's failure to testify requiring reversal." *See Dickinson v. State*, 685 S.W.2d 320, 325 (Tex. Crim. App. 1984). However, the State's remark in this case was not such a comment. The prosecutor argued during the punishment phase of the trial that Jackson was "clean shaven" and asked the jury *why he looked different* during the trial than he had when the crime was committed. When placed in context of the entire argument, the reference to Jackson's appearance

did not necessarily refer to Jackson's failure to testify and was not of such nature that the jury would necessarily take it as a comment on Jackson's failure to testify. After discussing Jackson's criminal history, the prosecutor was merely making the point that Jackson did not deserve mercy. Prior to the challenged comment, the prosecutor argued Jackson had support from his family but he continued to get in trouble. He assured the jury that it was not Jackson's family getting punished but Jackson himself. He referenced comments made during voir dire about the guilt-innocence phase being similar to a photograph and the punishment phase being similar to an entire photo album. The prosecutor then followed a timeline and discussed Jackson's assaultive offenses that led to the community supervision he was serving when the robbery took place. Further, after the objection, the prosecutor moved on from the argument and never mentioned Jackson's appearance again. *See Wimbrey*, 106 S.W.3d at 193 (finding no harm when the trial court overruled the objection to improper argument and the State abandoned the argument and never mentioned it again). Accordingly, on this record, we conclude the State's comment on Jackson's "clean shaven" appearance was not improper, and we overrule Jacksons first, second, and third issues.

## II. Pronouncement of Fine

In his fourth issue, Jackson contends the judgment in cause F08-20340-W should be modified to delete the fine because the fine was not orally pronounced at the revocation hearing. The State contends the fine should stand because it was part of Jackson's original plea bargain.

The defendant's sentence must be pronounced orally in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2013); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, with the assessed sentence, is the written declaration and embodiment of the oral pronouncement. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West

Supp. 2013); *Taylor*, 131 S.W.3d at 500. When the sentence in the written judgment conflicts with the oral pronouncement, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998). Not every variation between the judgment and the oral pronouncement will necessarily invoke this rule. *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd). "[I]f there is a conflicting variation, the oral pronouncement will control." *Id*. Where the variation "does not create a conflict sufficient to invoke the rule of *Coffey* and its progeny[,]" "the jury's punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve the ambiguity." *Id*.

The judgment in cause F08-20340-W reflects a fine of $2,000. When the trial court sentenced Jackson to a five-year prison term and placed him on community supervision for two years, the trial court assessed a $2,000 fine. Fines that are imposed when punishment is assessed at original plea proceedings that result in community supervision being granted are properly included in judgments revoking community supervision. *See Coffey*, 979 S.W.2d at 329. Thus, the $2,000 fine assessed should be included in the trial court's judgment revoking community supervision. We overrule Jackson's fourth issue.

## III. Sufficiency of the Evidence in Revocation Proceedings

In Jackson's eighth and ninth issues, he argues the evidence is insufficient to support the trial court's finding that he owed unpaid fees in the revocation proceedings for causes F08-20340-W and F08-20341-W. The State contends, between the judicial notice taken by the trial court and the testimony presented by the officers, the evidence was sufficient.

We review an order revoking community supervision for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). At the revocation hearing, the State must prove that the defendant is the same individual as is reflected in the judgment and order of

community supervision, and that the individual violated a term of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). "In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence." *Rickels*, 202 S.W.3d at 763. In a probation revocation context, "a preponderance of the evidence means that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

We review the evidence in the light most favorable to the court's ruling. *Id*. In a community supervision revocation proceeding, the trial court is the trier of fact, the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id*. To be sufficient to support a revocation order, the State must prove any one of the alleged violations by a preponderance of the evidence. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

The State's motion to proceed with an adjudication of guilt in cause F08-20340-W alleged that Jackson violated a condition of his community supervision by:

> (a) OCTAVIOUS JAMES JACKSON did violate condition (a) by violating the laws of the State of Texas in that on or about February 6, 2012 in Dallas County, Texas, he did did [sic] commit the offense of Aggravated Robbery as alleged in cause #F1270580.
> (a) OCTAVIOUS JAMES JACKSON did violate condition (a) by violating the laws of the State of Texas in that on or about February 6, 2012 in Dallas County, Texas, he did did [sic] commit the offense of Aggravated Robbery as alleged in cause #F1270581.
> (h) OCTAVIOUS JAMES JACKSON did violate condition (h) in that he did not pay Court Costs and Fines as ordered by the court and is currently delinquent $240.00 cc/$2,000.00 fines.
> (n) OCTAVIOUS JAMES JACKSON did violate condition (n) in that he did not pay the Urinalysis fee as ordered by the court and is currently delinquent $200.00.
> (r) OCTAVIOUS JAMES JACKSON did violate condition (r) in that he did not pay restitution as directed and is currently delinquent $100.00.

The State's motion to proceed with an adjudication of guilt in cause F08-20341-W alleged that Jackson violated a condition of his community supervision by:

> (a) OCTAVIOUS JAMES JACKSON did violate condition (a) by violating the laws of the State of Texas in that on or about February 6, 2012 in Dallas County, Texas, he did did [sic] commit the offense of Aggravated Robbery as alleged in cause #F1270580.
> (a) OCTAVIOUS JAMES JACKSON did violate condition (a) by violating the laws of the State of Texas in that on or about February 6, 2012 in Dallas County, Texas, he did did [sic] commit the offense of Aggravated Robbery as alleged in cause #F1270581.
> (h) OCTAVIOUS JAMES JACKSON did violate condition (h) in that he did not pay Court Costs and Fines as ordered by the court and is currently delinquent $240.00.

Jackson does not challenge the sufficiency of the evidence to support either allegation (a) regarding his convictions for robbery. Because Jackson has failed to raise any contention concerning the finding that he committed the offense of robbery, we need not address Jackson's contention that the evidence is insufficient to support other allegations that he violated conditions of community supervision "since one sufficient ground for revocation will support the court's order to revoke probation." *Moore*, 605 S.W.2d at 926.

We overrule Jackson's eighth and ninth issues.

## IV. Court Costs

Jackson's twelfth, thirteenth, fourteenth, and fifteenth issues contend the evidence was insufficient, in all four causes, to support the assessment of court costs against him because the records in this case do not contain proper written bills of costs. Jackson was assessed the following court costs in causes:  F-08-20340-W for $540, F-08-20341-W for $540, F-12-70580-W for $264, and F-12-70581-W for $264. However, the records before us do contain the bills of costs. These complaints have been previously addressed and rejected. *See Johnson v. State*, 423

S.W.3d 385, 391–96 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555-56 (Tex. App.—Dallas 2013, pet. ref'd). We overrule Jackson's issues regarding court costs.

## V. Modification of the Judgments

Jackson's fifth, sixth, seventh, tenth, and eleventh issues ask this Court to modify the judgment to accurately reflect the jury's finding of guilt to robbery instead of aggravated robbery, to accurately reflect the conditions of community supervision Jackson was found to have violated, and to reflect Jackson's plea of not true to the motion to revoke community supervision. This Court has the authority to modify a judgment to "speak the truth" when it has the necessary data and information to do so. TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

Jackson's fifth issue is based on his legal sufficiency challenge of the evidence to support the trial court's finding he violated condition (r) of his community supervision alleging Jackson "did not pay restitution as directed and is currently delinquent $100.00" Jackson asks this Court to reform the judgment in cause F08-20340-W to reflect the conditions of community supervision he was found to have violated by removing the restitution delinquency. The trial court granted the State's motion to revoke which included allegations of committing two offenses of aggravated robbery and three delinquencies: (1) failure to pay court costs and fines, (2) failure to pay the urinalysis fee, and (3) failure to pay restitution. After granting the State's motion to revoke, the court modified the allegations to the extent Jackson committed two robberies instead of two aggravated robberies and the court affirmed "and that you're delinquent on fees." On this record, we conclude the trial court encompassed all three delinquencies when it determined Jackson was delinquent of fees and we overrule Jackson's fifth issue.

–10–

Jackson's sixth and seventh issues claim the judgments in causes F08-20340-W and F08-20341-W should be modified to reflect Jackson committed two robberies and not aggravated robberies, and the State agrees. Because the record reflects the judge found Jackson committed the offense of robbery, not aggravated robbery, in causes F12-70580 and F12-70581, we sustain Jackson's sixth and seventh issues and modify the judgment accordingly.

Jackson's tenth and eleventh issues claim the judgments in causes F08-20340-W and F08-20341-W should be modified to reflect Jackson entered a plea of not true to the motion to revoke community supervision, and the State agrees. Because the record reflects Jackson pleaded not true to the motion to revoke community supervision, we sustain Jackson's tenth and eleventh issues and modify the judgment accordingly.

## VI. Conclusion

We modify the judgment in causes F08-20340-W and F08-20341-W as follows:

The Defendant entered a Plea to the Motion to Revoke of Not True; and
The Court FINDS the Defendant has violated conditions (a) of community supervision by committing the offense of robbery and the remaining conditions of community supervision as set out in the State's motion to revoke probation or proceed with an adjudication of guilt.

As modified, we affirm the trial court's judgments.


/David Lewis/
DAVID LEWIS
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.

130397F.U05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

OCTAVIOUS JAMES JACKSON,
Appellant

No. 05-13-00397-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-0820340-W.
Opinion delivered by Justice Lewis.
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
     The Defendant entered a Plea to the Motion to Revoke of Not True; and
     The Court FINDS the Defendant has violated conditions (a) of community supervision by committing the offense of robbery and the remaining conditions of community supervision as set out in the State's motion to revoke probation or proceed with an adjudication of guilt.

 As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of August, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OCTAVIOUS JAMES JACKSON,
Appellant

No. 05-13-00399-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-0820341-W.
Opinion delivered by Justice Lewis.
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The Defendant entered a Plea to the Motion to Revoke of Not True; and

The Court FINDS the Defendant has violated conditions (a) of community supervision by committing the offense of robbery and the remaining conditions of community supervision as set out in the State's motion to revoke probation or proceed with an adjudication of guilt.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of August, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OCTAVIOUS JAMES JACKSON,
Appellant

No. 05-13-00406-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1270580-W.
Opinion delivered by Justice Lewis.
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of August, 2014.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

OCTAVIOUS JAMES JACKSON,
Appellant

No. 05-13-00407-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1270581-W.
Opinion delivered by Justice Lewis.
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of August, 2014.